# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT JESS KNAPE, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No. 2:08CV61 AGF |
| | ) | |
| ROBERT BLISS, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Robert Knape (registration no. 1085117), an inmate at Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.59. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly

balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $7.94, and an average monthly balance of $1.29. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.59, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Robert Bliss (Correctional Officer, Northeast Correctional Center), David Cutt (same), Ron Starman (same), Christi Hendrix (LPN, NECC), and Jim Moore (Superintendent, NECC). The complaint seeks monetary relief.

Plaintiff alleges that on July 11, 2007, while he was detained at NECC, defendants Bliss and Cutt assaulted him while escorting him to a strip cell. Specifically, plaintiff alleges that Bliss and Cutt hit him, kicked him, slammed his head onto the floor, and applied pepper spray to his face, torso, and groin.

Plaintiff alleges that he was later seen by defendant Hendrix. Plaintiff claims that he asked Hendrix to take pictures of his injuries but that defendant Cutt would not allow it.

Plaintiff says that he asked defendants Starman and Moore to review the video cameras in the area where the assault allegedly occurred but that they refused to do so. Plaintiff claims that these defendants have failed to adequately investigate the incident.

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Defendants are alleged to be employees of the State of Missouri.[1] "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted.

To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir.

---

[1] Defendant Hendrix may actually be employed by Correctional Medical Services. To state a claim against CMS, plaintiff must allege that there was a policy, custom, or official action of CMS that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). The instant complaint does not contain any allegations that a policy or custom of CMS was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the Court fails to state a claim against CMS or Hendrix as a CMS employee.

1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff has not alleged that Hendrix was aware of but disregarded plaintiff's serious medical needs. As a result, plaintiff has failed to state a claim for medical mistreatment.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Starman or Moore were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.59 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd Day of December, 2008.

*E. Richard Webber*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE